# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| GRABER, INC., an Indiana corporation, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>) Case No. _____ |
| W&Z CONTRACTING CONSTRUCTION, LLC, a Missouri limited liability company, and | )<br>)<br>)<br>) **Jury Trial Requested** |
| WILMER URBINA GUTIERREZ, a Missouri citizen, and | )<br>)<br>) |
| Defendants. | )<br>) |

## COMPLAINT

COMES NOW Graber, Inc. ("Plaintiff" or "Graber"), by and through its attorneys, Matthew G. Koehler and Brown & James, P.C., and for its Complaint against Defendants W&Z Contracting Construction, LLC, and Wilmer Urbina Gutierrez, states:

## PARTIES

1.  Graber is an Indiana corporation that is engaged in the business of construction. Graber's principal place of business is in Leo, Indiana.

2. Defendant W&Z Contracting Construction, LLC ("W&Z") is a Missouri limited liability company that signed a written contract with Graber for work on an apartment project commonly called the "Fuji Apartments."

3. Defendant Wilmer Urbina Gutierrez ("Gutierrez") signed a written contract, on behalf of Defendant W&Z, with Graber for subcontract work on the Fuji Apartments.

4. On information and belief, Defendant Gutierrez is the sole member of Defendant W&Z, and a citizen and resident of Missouri.

**JURISDICTION AND VENUE**

5. Subject matter jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1331(a), because:

   a. Graber is an Indiana corporation with a principal place of business in Indiana;

   b. Defendant W&Z is a Missouri limited liability company;

      i. Upon information and belief, Defendant W&Z's sole member is Defendant Gutierrez, who is a citizen of Missouri;

   c. Defendant Gutierrez is a citizen of Missouri; and

   d. The amount in controversy exceeds $75,001, exclusive of interest and costs.

6. This Court has personal jurisdiction over Defendant W&Z because it is a Missouri limited liability company and its member, Defendant Gutierrez, is a citizen and resident of Missouri.

7. This Court has personal jurisdiction over Defendant Gutierrez, who is believed to be a citizen and resident of Missouri.

8. Venue is appropriate in the Eastern Division of the U.S. District Court, Eastern District of Missouri, because at all material times Defendant W&Z conducted business within the Eastern Division, and caused its agents to file a mechanic's lien with a Missouri circuit court that is located in the Eastern Division.

## FACTS COMMON TO ALL COUNTS

9. For Paragraph 9, Graber realleges and incorporates Paragraphs 1 - 8 as if fully stated herein.

10. On October 1, 2018, a mechanic's lien was filed on behalf of Defendant W&Z against real property described as:

> LOT M OF "AMENDED PLAT OF LOT M OF PERSHING AVENUE SUBDIVISION NO. 1" AND IN BLOCK 3873 OF THE CITY OF ST. LOUIS, ACCORDING TO TH PLAT THEREOF RECORDED IN BOOK 11092015, PAGE 0062 OF THE St. LOUIS CITY, MISSOURI RECORDS.

> Also known as: 5510-5526 Pershing Ave., St. Louis, Missouri 63312

20341411.1                                           3

      Parcel No. 38730001520

(hereafter, the "Real Property").

11. On or around September 13, 2017, Graber entered into a written subcontract with Big Sur Investments, LLC (d/b/a Big Sur Construction, LLC; hereafter "Big Sur") for work to construct the Fuji Apartments.

12. Graber's scope of work under the written subcontract with Big Sur included, among other items, furnishing and installing siding, and furnishing and install all caulking for a watertight installation of the siding.

13. On or around May 11, 2018, Graber entered into a sub-subcontract with MidAmerican Construction Management and Defendant W&Z, which was titled "*Labor Subcontract Agreement*."

14. Defendant Gutierrez signed the *Labor Subcontract Agreement* on behalf of Defendant W&Z.  A true and correct copy of the *Labor Subcontract Agreement* is attached as Exhibit 1.

15. The purpose of the *Labor Subcontract Agreement* was to complete the siding and caulking scope of work.  In addition, the scope of work set forth in the *Labor Subcontract Agreement* included installation of railings, painting, and performing punch-list work related to the exterior of the Fuji Apartments.

16. Specifically, by causing Defendant Gutierrez to sign the *Labor Subcontract Agreement* on its behalf, Defendant W&Z agreed to perform a scope of work that was described as:

> "perform and furnish all of the labor to complete the siding project at Fuji Apartments including but not limited too [sic] installing balance of siding and trim per plans and specifications, screwing off existing panel siding installed by others as needed, installing balance of all balcony railing, finishing siding in both courtyards, punching out balconies on the exterior of the building on floor 4-6 including but not limited too [sic] all repairs, caulking and painting, punching out both courtyards including all repairs, painting and caulking, and punching out all panel siding and trim on exterior elevations including repairs, caulking and painting as needed and installation of dryer vents covers supplied by the owner[]"

(hereafter, the "Scope of Work").

17. Pursuant to the terms of the *Labor Subcontract Agreement*, Defendant W&Z agreed to provide the Scope of Work for the stipulated, lump-sum, amount of $30,000.

18. Defendant W&Z carried out its Scope of Work between May 11, 2018, and June 28, 2018.

19. On June 29, 2018, Defendant W&Z caused its agent to execute a *Notice to Owner of Claim of Mechanic's Lien*. A true and correct copy of the *Notice to Owner of Claim of Mechanic's Lien* is attached as Exhibit 2.

20. On July 2, 2018, the *Notice to Owner of Claim of Mechanic's Lien* was served on the owner of the Fuji Apartments, which is Kilamanjaro IV- 5510-5526 Pershing, LLC ("Kilamanjaro" or "Owner").

21. The *Notice to Owner of Claim of Mechanic's Lien* indicated that Defendant W&Z was asserting a claim of "$112,330.00" for its work on the Fuji Apartments project.

22. As a result of the *Notice to Owner of Claim of Mechanic's Lien* Kilamanjaro and Big Sur withheld monetary payments to Graber for work performed on the Fuji Apartments project. The total amount withheld from Graber exceeds $75,001.00.

23. In addition, the *Notice to Owner of Claim of Mechanic's Lien* caused Big Sur to discharge Graber from the Fuji Apartments project prematurely, prior to Graber completing all of the scopes of work set forth in its contracts with Big Sur.

24. On October 1, 2018, Defendant W&Z's agent filed a document titled "*Mechanic's Lien*" with the Twenty-Second Judicial Circuit Court (City of St. Louis), which was assigned a case number of 1822-ML00093. A true and correct copy of the *Mechanic's Lien* is attached as Exhibit 3.

25. Defendant W&Z's *Mechanic's Lien* was filed against Kilamanjaro's Real Property for an amount of $112,330.

26. The *Mechanic's Lien* filed by Defendant W&Z indicated that Defendant W&Z's scope of work was performed on a time and material basis rather than a stipulated, lump-sum, basis.

27. The *Mechanic's Lien* filed by Defendant W&Z did not mention, reference, or attach the written *Labor Subcontract Agreement* that Defendant W&Z entered into for the stipulated, lump-sum, amount of $30,000.

## COUNT I
## Breach of Contract
## Against Defendant W&Z

28. For Paragraph 28, Graber realleges and incorporates Paragraphs 1 - 27 as if fully stated herein.

29. Graber entered into a written sub-subcontract with Defendant W&Z, which was the *Labor Subcontract Agreement*.

30. According to the terms of the *Labor Subcontract Agreement*, Graber agreed to pay Defendant W&Z the total amount of $30,000 in exchange for Defendant W&Z's promise to perform the Scope of Work.

31. Graber was prevented from completing its obligations under the *Labor Subcontract Agreement* by the actions of Defendant W&Z and its agent, which included

serving the *Notice to Owner of Claim of Mechanic's Lien* on Kilamanjaro for a purported mechanic's lien claim of $112,330.

32. Defendant W&Z failed to perform its obligations under the *Labor Subcontract Agreement* by charging $82,330 more than it agreed to accept for its Scope of Work.

33. Defendant W&Z's breach of the *Labor Subcontract Agreement* damaged Graber by causing Kilamanjaro and Big Sur to withhold payments to Graber, causing Graber to incur attorneys' fees and court costs in an amount to be determined at trial, and the loss of business and income in an amount to be determined at trial.

WHEREFORE, Plaintiff prays for a judgment in its favor and against Defendants in an amount of at least $75,001.00, plus incidental damages, attorneys' fees and legal costs, pre-judgment interest, court costs, and such other or additional relief as the Court deems proper and just.

## COUNT III
### Injurious Falsehood Against
### Defendants W&Z And Gutierrez

34. For Paragraph 34, Graber realleges and incorporates Paragraphs 1 - 33 as if fully stated herein.

35. Graber had a written contract with Big Sur that provided Graber with a right to receive income in exchange for providing construction services for the Fuji Apartments project.

36. On or around July 2, 2018, Defendants W&Z and Gutierrez caused the *Notice to Owner of Claim of Mechanic's Lien* to be served on Kilamanjaro.

37. The *Notice to Owner of Claim of Mechanic's Lien* caused Big Sur to stop payments to Graber for all work on the Fuji Apartments project, not just payments related to W&Z's Scope of Work related to its sub-subcontract agreement, and eventually led to the premature discharge of Graber from the Fuji Apartments project.

38. The *Notice to Owner of Claim of Mechanic's Lien* provided a false impression that Graber failed to pay Defendant W&Z for work performed on the Fuji Apartments project in breach of the contract terms between Graber and Defendant W&Z.

39. The *Notice to Owner of Claim of Mechanic's Lien* was false in that it contradicted the clear payment terms of the *Labor Subcontract Agreement*, which agreement provided that Defendant W&Z would be entitled to receive the stipulated, lump-sum, amount of $30,000 for its Scope of Work.

40. The *Notice to Owner of Claim of Mechanic's Lien* was false in that it conveyed that Defendant W&Z had submitted invoices to Graber that totaled $112,330.

41. In fact, Defendant W&Z had not submitted any invoices to Graber that totaled $112,330.

42. The *Notice to Owner of Claim of Mechanic's Lien* was published to Kilamanjaro by serving the notice on Kilamanjaro's agent.

43. It was reasonably foreseeable that the publication of the *Notice to Owner of Claim of Mechanic's Lien* on Kilamanjaro would cause Kilamanjaro and Big Sur to rely upon it.

44. As a result of the publication of the *Notice to Owner of Claim of Mechanic's Lien*, Kilamanjaro and Big Sur understood the notice to mean that Graber had failed to pay Defendant W&Z for work performed on the Fuji Apartments project in accordance with the contract terms between Graber and Defendant W&Z.

45. As a result of the publication of the *Notice to Owner of Claim of Mechanic's Lien*, Kilamanjaro and Big Sur stopped payments to Graber on the Fuji Apartments project, and canceled the contract Graber entered into with Big Sur.

46. Graber has suffered a pecuniary loss of payments from Big Sur and/or Kilamanjaro, as well as the need to engage legal counsel to correct the disparagement on Graber's reputation of paying subcontractors.

47. Defendants W&Z and Gutierrez knew the *Notice to Owner of Claim of Mechanic's Lien* was false as the *Labor Subcontract Agreement* only included a stipulated, lump-sum, payment term for the Scope of Work.  The *Labor Subcontract Agreement* did not include time and material payment terms for the Scope of Work.

WHEREFORE, Plaintiff prays for a judgment in its favor and against Defendants in an amount of at least $75,001.00, plus incidental damages, pre-judgment interest, costs, and such other or additional relief as the Court deems proper and just.

### COUNT III
### Tortious Interference With A Contract
### Against Defendants W&Z And Gutierrez

48. For Paragraph 48, Graber realleges and incorporates Paragraphs 1 - 47 as if fully stated herein.

49. Graber had a written contract with Big Sur that provided Graber with a right to receive income in exchange for providing construction services for the Fuji Apartments project.

50. Defendants W&Z and Gutierrez knew that Graber had entered into a contract with Big Sur and/or Kilamanjaro for the Fuji Apartments project.

51. On or around July 2, 2018, Defendants W&Z and Gutierrez caused the *Notice to Owner of Claim of Mechanic's Lien* to be served on Kilamanjaro.

52. Defendants W&Z and Gutierrez knew the *Notice to Owner of Claim of Mechanic's Lien* would cause Big Sur and/or Kilamanjaro to stop or withhold payments to Graber for work on the Fuji Apartments project.

53. Defendants W&Z and Gutierrez knew the *Notice to Owner of Claim of Mechanic's Lien* would cause Big Sur and/or Kilamanjaro to cancel the contract with Graber for work on the Fuji Apartments project.

54. The *Notice to Owner of Claim of Mechanic's Lien* was an intentional interference with the contractual relationship between Graber and Big Sur and/or Kilamanjaro.

55. Defendants W&Z and Gutierrez acted without justification in serving the *Notice to Owner of Claim of Mechanic's Lien* on Kilamanjaro as the *Labor Subcontract Agreement* only included a stipulated, lump-sum, payment term of $30,000 for the Scope of Work.  The *Labor Subcontract Agreement* did not include time and material payment terms for the Scope of Work.

56. Graber has suffered a loss of payments from Big Sur and/or Kilamanjaro, for work performed on the Fuji Apartments project, loss of reputation, and the need to engage legal counsel to correct the disparagement on Graber's reputation of paying subcontractors.

WHEREFORE, Plaintiff prays for a judgment in its favor and against Defendants in an amount of at least $75,001.00, plus incidental damages, pre-judgment interest, costs, and such other or additional relief as the Court deems proper and just.

**Jury Trial Requested**

Plaintiff requests a jury trial for its causes of action against Defendants.

                 Respectfully submitted,

                 BROWN & JAMES, P.C.

                  /s/ *Matt Koehler*
                 _____
                 Matthew G. Koehler, MO #48760
                 800 Market Street, Suite 1100
                 St. Louis, Missouri 63101
                 Phone: (314) 421-3400
                 Fax: (314) 421-3128
                 mkoehler@bjpc.com
                 ***Attorneys for Plaintiff Graber, Inc.***