UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GRABER, INC., ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
|     v. ) | |
| ) | |
| W&Z CONTRACTING ) | |
| CONSTRUCTION, LLC, et al., ) | |
| ) | |
|     Defendants; ) | |
| _____ ) | No. 4:19 CV 67 CDP |
| ) | |
| W&Z CONTRACTING ) | |
| CONSTRUCTION, LLC, ) | |
| ) | |
|     Counterclaim Plaintiff, ) | |
| ) | |
|     v. ) | |
| ) | |
| GRABER, INC., ) | |
| ) | |
|     Counterclaim Defendant. ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Graber, Inc., a construction contractor, seeks summary judgment against defendant W&Z Contracting Construction LLC on both W&Z's amended counterclaim against Graber, Inc. and on Graber, Inc.'s affirmative claims against W&Z, who is in default for failure to defend.  Graber, Inc. alleges that it hired W&Z as a subcontractor on a project and that W&Z breached the contract by charging more than the contracted flat fee.  Graber, Inc. also alleges that W&Z

injured its economic interests by serving on the property owner a notice of mechanic's lien that falsely claimed that Graber, Inc. owed W&Z more than $112,000 under the contract.  Graber, Inc.'s problem, however, is that the evidence of record does not show that W&Z served a notice or filed a mechanic's lien alleging nonpayment by Graber, Inc.  What the evidence does show is that W&Z never submitted invoices to Graber, Inc., and that W&Z served a notice on the property owner and filed a mechanic's lien stating that another subcontractor, MidAmerican Construction Management, had failed to pay it for labor and materials under its contract with MidAmerican.

W&Z's separate contract with MidAmerican and its alleged breach is the subject of W&Z's amended counterclaim.

I will grant Graber, Inc.'s motion for summary judgment on W&Z's amended counterclaim because the evidence shows that Graber, Inc. was not a party to nor did it receive any benefit from the MidAmerican contract W&Z claims was breached.  I will deny Graber, Inc.'s motion for summary judgment on its own claims of breach of contract and injurious falsehood raised against W&Z in the complaint, as the evidence does not show that Graber, Inc. is entitled to judgment as a matter of law on these claims.  Because the evidence actually contradicts what Graber, Inc. would have to present to prove all of the claims in its complaint – given the undisputed fact that the lien and invoices were not directed to and did not

reference Graber, Inc. but instead involved a non-party to this case – I will also

direct Graber, Inc. to show cause why summary judgment should not be granted

against it on all claims in its complaint.

## Background

In May 2018, Graber, Inc. entered into a written contract with defendant

W&Z whereby W&Z, through its sole member, defendant Wilmer Urbina

Gutierrez, agreed to perform certain work in relation to a construction project in

exchange for a lump-sum amount of $30,000.  In this diversity action against W&Z

and Gutierrez, Graber, Inc. alleges that W&Z breached the contract by charging

$82,330 more than what it agreed to accept for the scope of work outlined in the

contract (Count I); that W&Z and Gutierrez injured Graber, Inc.'s economic

interests by serving upon the Project Owner a Notice to Owner of Claim of

Mechanic's Lien containing false information that Graber, Inc. failed to pay W&Z

for its work, thereby causing the Project Owner to stop payments to and cancel its

contracts with Graber, Inc. (Count II)[1]; and that W&Z and Gutierrez tortiously

interfered with Graber, Inc.'s contracts with the Project Owner by serving the

Notice to Owner that contained false information (Count III).  The contract at

issue, the Notice to Owner, and the Mechanic's Lien are attached as exhibits to

---

[1] Graber, Inc. admits that the complaint errantly denoted this claim as "Count III" and avers that it should be considered "Count II."   (*See* ECF 94 at p. 14, n.5.)  I will therefore refer to this claim as Count II in this memorandum.

Graber, Inc.'s complaint and are considered a part of the complaint for all purposes.  Fed. R. Civ. P. 10(c).

Graber, Inc. now moves for summary judgment against W&Z on Counts I and II of its complaint, asserting that it is entitled to $359,699.11 in damages and attorneys' fees on these claims.[2]  Graber, Inc. also moves for summary judgment on W&Z's amended counterclaim in which W&Z alleges that Graber, Inc. breached a separate Third Tier Subcontract and, further, seeks recovery from Graber, Inc. under the theory of quantum meruit.  The Third Tier Subcontract is attached as an exhibit to the Amended Counterclaim (ECF 21-1).  W&Z has not responded to Graber, Inc.'s motion for summary judgment, and the time to do so has passed.

For the reasons that follow, Graber, Inc. is not entitled to judgment as a matter of law on its claims of breach of contract and injurious falsehood against W&Z.  I will therefore deny its motion for summary judgment to the extent it is directed to Counts I and II of its complaint against W&Z.  I will, however, grant its motion for summary judgment to the extent it is directed to W&Z's amended counterclaim.

W&Z has been unrepresented in this action since March 2021 and has given

---

[2] Graber, Inc.'s motion for summary judgment does not address its claim of tortious interference with contract raised in Count III of the complaint, nor does it address any of its claims to the extent they are raised against defendant Gutierriez.

no indication that it intends to retain counsel for any further proceedings in the case.  Because an LLC cannot proceed pro se, I will direct the clerk of court to enter default against W&Z under Rule 55(a), Federal Rules of Civil Procedure, for failure to defend.  But as will be evident by the discussion below, liability is not deemed established simply because of W&Z's default.  *See* 10A, Wright & Miller, Fed. Prac. & Proc. Civ. § 2688.1 (4th ed. 2021) (Court's Entry of a Default Judgment—Effect of Default on Proof Requirements).  Indeed, to the contrary, the admissible evidence before the Court appears to show that Graber, Inc. cannot recover against either W&Z or Gutierrez on any of its claims raised in its complaint.  I will therefore order Graber, Inc. to show cause why I should not enter summary judgment against it under Rule 56(f)(3), Federal Rules of Civil Procedure.

## Summary Judgment Standard

Summary judgment must be granted when the pleadings and proffer of evidence demonstrate that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Torgerson v. City of Rochester,* 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc).  I must view the evidence in the light most favorable to the nonmoving party and accord it the benefit of all reasonable inferences.  *Scott v. Harris,* 550 U.S. 372, 379 (2007).

Initially, the moving party must demonstrate the absence of an issue for trial. *Celotex,* 477 U.S. at 323. Once a motion is properly made and supported, the nonmoving party may not rest upon the allegations in its pleadings or in general denials of the movant's assertions, but it must instead proffer admissible evidence that demonstrates a genuine issue of material fact. Fed. R. Civ. P. 56(c); *Conseco Life Ins. Co. v. Williams,* 620 F.3d 902, 910 (8th Cir. 2010); *Howard v. Columbia Pub. Sch. Dist.,* 363 F.3d 797, 800-01 (8th Cir. 2004). In determining a motion for summary judgment, I consider only those facts that can be supported by admissible evidence. Fed. R. Civ. P. 56(c); *Woods v. Wills*, 400 F. Supp. 2d 1145, 1175-76 (E.D. Mo. 2005). Testimony that would not be admissible is ignored. *Shaver v. Independent Stave Co.*, 350 F.3d 716, 723 (8th Cir. 2003). Accordingly, speculation, personal opinion, and legal conclusions are not "facts" upon which a party may rely for summary judgment purposes. *See Benford v. Grisham*, No. 1:18CV5 JMB, 2020 WL 569871 (E.D. Mo. Feb. 20, 2020). *See also* Fed. R. Civ. P. 56(c)(4) (a declaration used to support or oppose a motion for summary judgment must be made on personal knowledge and set out facts that would be admissible in evidence).

If the nonmoving party fails to properly address an assertion of fact made by the movant, the Federal Rules of Civil Procedure permit me to consider the fact undisputed for purposes of the motion. Fed. R. Civ. P. 56(e)(2). The Local Rules

of this Court, however, require it.  Under Local Rule 4.01(E), moving parties must include a statement of uncontroverted material facts with their memorandum, with citations to the record if the fact(s) are established by the record.

> Every memorandum in opposition shall include a statement of material facts as to which the party contends a genuine issue exists. Those matters in dispute shall be set forth with specific references to portions of the record, where available, upon which the opposing party relies.  The opposing party also shall note for all disputed facts the paragraph number from movant's listing of facts.  *All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.*

E.D. Mo. L.R. 4.01(E) (emphasis added).

## Evidence Before the Court on the Motion

The following recitation of facts is taken from Graber, Inc.'s Statement of Uncontroverted Material Facts (ECF 93-1) and my independent review of the record in this case.  I largely adopt Graber, Inc.'s Statement, given that W&Z did not respond to the motion for summary judgment and thus failed to specifically controvert Graber, Inc.'s proffered material facts.  I do not consider as facts, however, any speculation, personal opinions, or legal conclusions contained in Graber, Inc.'s Statement, and I ignore any testimony or evidence that is inadmissible.

Jesse Graber is the president and owner of Graber, Inc. and has submitted his Declaration to support Graber, Inc.'s motion for summary judgment.  (ECF 93-2.)

Graber, Inc.'s Statement of Uncontroverted Material Facts is largely based on that Declaration.

On or around September 13, 2017, Graber, Inc. entered into three written subcontracts with Big Sur Investments, LLC, for work relating to the construction of apartments in St. Louis, Missouri, known as the Fuji Apartments Project ("the Project"). These subcontracts provided for Graber, Inc. to receive a total of $1,220,000 in exchange for it providing various construction services for the Project.

On or around May 11, 2018, Graber, Inc. entered into a Labor Subcontract Agreement ("Agreement") with MidAmerican Construction Management as "subcontractor" and defendant W&Z Contracting Construction as "3rd tier subcontractor." Jerome Graber is president and owner of MidAmerican Construction Management.[3] Wilmer Urbina Gutierrez is the sole member of W&Z and executed the Agreement on behalf of W&Z. The purpose of the Agreement was to complete the siding and caulking scope of work for the Project. In the Agreement, W&Z agreed to provide the following scope of work in exchange for a lump-sum amount of $30,000:

> perform and furnish all of the labor to complete the siding project at
> Fuji Apartments including but not limited [to] installing balance of

---

[3] At the Rule 16 Scheduling Conference held May 17, 2019, counsel for the parties informed the Court that Jesse Graber and Jerome Graber are brothers. I note this only for the purpose of avoiding confusion in this memorandum.

siding and trim per plans and specifications, screwing off existing panel siding installed by others as needed, installing balance of all balcony railing, finishing siding in both courtyards, punching out balconies on the exterior of the building on floors 4-6 including but not limited [to] all repairs, caulking and painting, punching out both courtyards including all repairs, painting and caulking, and punching out all panel siding and trim on exterior elevations including repairs, caulking and painting as needed and installation of dryer vents covers supplied by the owner.

(ECF 1-1, Agreement at ¶ 1.)  All other terms of the Agreement applied to only MidAmerican as subcontractor.  Only paragraph 1, set out above, applied to W&Z.

On or around May 18, 2018, MidAmerican Construction Management executed a separate Third Tier Subcontract in relation to the Project wherein MidAmerican (as "subcontractor") agreed to pay W&Z (as "third tier sub") $50 per man hour in exchange for W&Z's "install[ation of] the balance of the EZ Trim, panel siding, and trim on the balconies and exterior, the balance of the lap siding in the courtyard, handrails, and caulking and paint touch up as needed on the building."  (ECF 21-1, Exh. 1 to W&Z's amended counterclaim.)  Weather permitting, the work under this Third Tier Subcontract was to be completed by the end of the first week in June or as closely to that date as possible.  (*Id.*)  On the evidence before the Court, no W&Z representative signed this Third Tier Subcontract.  (*Id.*)

W&Z began to carry out its scope of work under the Labor Subcontract Agreement on May 11, 2018.  As of June 29, 2018, the work was incomplete.

Graber, Inc. did not pay W&Z for its partially completed scope of work.  (ECF 93-2, Graber Decl. at ¶ 23.)  Although the Agreement contained a "time is of the essence clause," no completion date was stated in the Agreement.  (ECF 1-1.)

On June 29, 2018, W&Z executed a Notice to Owner of Claim of Mechanic's Lien, which was served on Kilamanjaro IV, the Project Owner, on July 2, 2018.  The Notice to Owner averred that $112,330 was due to W&Z "from subcontractor MidAmerican Construction Management under general contractor Graber, Inc."  (ECF 1-2.)  Although Jesse Graber declares that the Notice to Owner "conveyed that Defendant W&Z had submitted invoices to Graber, Inc. that totaled $112,330" (ECF 93-2, Graber Decl. at ¶ 21), the Notice to Owner includes no such statement or conveyance.  Instead, the Notice states that the amount is due "from subcontractor MidAmerican Construction Management under general contractor Graber, Inc."  (ECF 93-2 at header pp. 20, 34.)

On October 1, 2018, W&Z filed a Mechanic's Lien in the Circuit Court of St. Louis City, Missouri, against the Project's property in the amount of $112,330 "for labor, equipment furnished and/or materials furnished by it under contract with MidAmerican Construction Management (hereinafter 'Subcontractor') as primary subcontractor for Graber, Inc., original contractor (hereinafter referred to as 'Contractor') and Kilamanjaro-IV . . . (hereinafter referred to as 'Owner')[.]"  (ECF 1-3.)  The Mechanic's Lien referred to W&Z's "agreement with

Subcontractor" to provide labor and materials for the Project property, and contained W&Z's oath that such work, labor, and materials were furnished "under contract with MidAmerican Construction Management[.]"  (*Id.*)  The Mechanic's Lien does not mention, reference, or attach the May 11 Labor Subcontract Agreement between Graber, Inc., W&Z, and MidAmerican.

Six invoices attached to the Mechanic's Lien reflect W&Z's charges on a time and materials basis.  (*See* ECF 1-3.)  Although three invoices reference Graber, Inc. and three invoices reference Big Sur Investments, there is no explanation as to the meaning of these references – *e.g.*, are the invoices directed to and seek payment from Big Sur and/or Graber, Inc., or are they directed to another entity but reference the respective general contractor overseeing the billed portion of W&Z's work on the Project?  The invoices total $112,330, which is the amount W&Z sought in its Notice to Owner and Mechanic's Lien alleging nonpayment by MidAmerican.

Although Jesse Graber declares that the Mechanic's Lien "conveyed that Defendant W&Z had submitted invoices to Graber, Inc., that totaled $112,330" (ECF 93-2, Graber Decl. at ¶ 31), the Mechanic's Lien includes no such statement or conveyance.

W&Z has not submitted any invoices to Graber, Inc. that total $112,330. (ECF 93-2, Graber Decl. at ¶ 22.)

Kilamanjaro IV and Big Sur withheld all monetary payments to Graber, Inc. for all work that had been performed on the Project.  Big Sur discharged Graber, Inc. from the Project before Graber, Inc. completed all of the scopes of work set forth in its subcontracts with Big Sur.  Graber, Inc. did not receive $230,482.11 from Kilamanjaro IV and Big Sur for completed work, which Jesse Graber declares is documented on unpaid pay applications from the Project.  (ECF 93-2, Graber Decl. at ¶ 39.)

Jesse Graber declares that Graber, Inc. lost profits that it expected to earn on the remaining work to be performed on the Project, incurred interest on debts as a result of not being paid on the Project, incurred attorneys' fees for pursuing claims against and defending claims from W&Z, and suffered damage to its reputation.

### Procedural History

Graber, Inc. filed this action against W&Z and Gutierriez on January 16, 2019.  Through counsel, W&Z and Gutierrez answered Graber, Inc.'s complaint on February 20, 2019, at which time W&Z filed a counterclaim against Graber, Inc. and Jerome Graber d/b/a MidAmerican Construction Management alleging breach of contract and seeking recovery for quantum meruit.  Both Graber, Inc. and Jerome Graber were served with process on the counterclaim, but only Graber, Inc. answered.  As a result of Jerome Graber's failure to appear and answer the counterclaim, the clerk of court entered default against him on April 8, 2019.  On

W&Z's motion and the evidence submitted, I entered default judgment against Jerome Graber on May 20, 2019, in the principal amount of $112,330, plus interest and attorneys' fees.

W&Z filed an amended counterclaim on June 3, 2019, which added claims of breach of contract and promissory estoppel against a newly added counterclaim defendant, Kilamanjaro IV.  By stipulation, Kilamanjaro IV was dismissed from the action on September 6, 2019.  With the dismissal of Kilamanjaro IV and default judgment having been entered against Jerome Graber d/b/a MidAmerican, the only claims remaining in W&Z's amended counterclaim were of breach of contract and quantum meruit against Graber, Inc.  In an Amended Case Management Order entered January 22, 2020, I set these claims and Graber, Inc.'s claims against W&Z and Gutierrez for trial on November 16, 2020.  (ECF 70.)[4]

No substantive action occurred in this case after January 22, 2020.  And attempts to hold conferences to assess the status of the case prior to the November 16 trial date were thwarted with counsel failing to appear and failing to comply with Court-ordered directives.  I therefore entered an Order on December 1, 2020, for counsel to show cause why the matter should not be dismissed given that the parties seemed disinterested in the case.  (ECF 78.)  It was in response to this Order that counsel for W&Z and Gutierrez sought to withdraw its representation,

---

[4] In the meanwhile, W&Z released its Mechanic's Lien on the Project property.  (*See* ECF 58-1.)

notably without substitution, citing difficulties caused by the Covid-19 pandemic – including financial difficulties.

I held a hearing on counsel's motion to withdraw on December 21 and determined to stay the case and hold the motion in abeyance so that the parties, with the assistance of counsel, could actively work to resolve the case.  (ECF 85.) These efforts proved to be unsuccessful and, after another hearing on March 10, 2021, I permitted counsel to withdraw.  Because no new counsel entered an appearance, I recognized at the hearing that Gutierriez now acted pro se and that W&Z was considered to be unrepresented.  I further granted Graber, Inc. time to file a motion for summary judgment or any other motion directed to the pleadings, such as for default.  In response, Graber, Inc. filed the instant motion for summary judgment against only W&Z and only on its claims of breach of contract and injurious falsehood.

To date, W&Z remains unrepresented in these proceedings.

## Discussion

In its motion for summary judgment, Graber, Inc. seeks judgment against W&Z on Counts I and II of its complaint for breach of contract and injurious falsehood, as well as on the claims of breach of contract and quantum meruit raised in W&Z's amended counterclaim.  For each of Counts I and II of its complaint, Graber, Inc. seeks to recover the following:  1) $230,482.11 in withheld payments

by the Project Owner; 2) $50,000 in lost profits; 3) more than $15,000 in interest expenses on debts; 4) more than $14,217 in attorneys' fees; and 5) $50,000 for damage to reputation.  Because Graber, Inc. cannot recover double compensation for the same injury, *see MECO Sys., Inc. v. Dancing Bear Entm't, Inc.*, 42 S.W.3d 794, 811 (Mo. Ct. App. 2001), I will review its claims for monetary relief separately but only if it can establish as a matter of law that W&Z is liable for its injuries.

Count I – Breach of Contract

Under Missouri law, a breach of contract action includes the following essential elements:  (1) the existence and terms of a contract; (2) that plaintiff performed or tendered performance pursuant to the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff.  *Keveney v. Missouri Military Acad.,* 304 S.W.3d 98, 104 (Mo. banc 2010).

Here, Graber, Inc. contends that W&Z breached the Labor Subcontract Agreement when it charged $112,330 for its work, which greatly exceeded the lump-sum amount of $30,000 it agreed to accept.  Graber, Inc. admits that it did not pay W&Z for its completed work but asserts that it could not pay W&Z because of the Project Owner's withholding of payment to Graber, Inc., which Graber, Inc. contends was itself caused by W&Z's false statement in the Notice to Owner that Graber, Inc. owed W&Z more than $112,000.

I will deny Graber, Inc.'s motion for summary judgment on its breach of contract claim.

There is no evidence before the Court showing that W&Z charged Graber, Inc. $112,330 for its work or that W&Z sought to recover $112,330 under its Agreement with Graber, Inc.  Although W&Z claimed in its Notice to Owner and in its Mechanic's Lien that it was owed $112,330 on the Project, it asserted that such monies were owed by MidAmerican Construction Management under the Third Tier Subcontract.  There is no assertion that such monies were owed by Graber, Inc. under the Labor Subcontract Agreement.  And, contrary to Jesse Graber's Declaration, neither the Notice to Owner nor the Mechanic's Lien conveyed that W&Z had submitted invoices to Graber, Inc. that totaled $112,330.  Accordingly, on the evidence before the Court and viewing the facts in the light most favorable to W&Z as the nonmoving party, I cannot conclude as a matter of law that W&Z breached the terms of the Labor Subcontract Agreement as Graber, Inc. alleges in this case.

Moreover, Jesse Graber admits that Graber, Inc. did not pay W&Z for the work W&Z performed on the Project, even partially, under the Labor Subcontract Agreement.  I therefore cannot find as a matter of law that Graber, Inc. performed or tendered performance pursuant to the Agreement.  Although Jesse Graber appears to attribute Graber, Inc.'s own possible breach of the Agreement to

W&Z's alleged breach, the evidence before the Court as discussed above does not show such a breach by W&Z.  The "first to breach" rule therefore does not apply in the circumstances here.

<u>Count II – Injurious Falsehood</u>

Under Missouri law, "one who publishes a false statement harmful to the interests of another is subject to liability for pecuniary loss resulting to the other" if:

> (a) he intends for publication of the statement to result in harm to interests of the other having a pecuniary value, or either recognizes or should recognize that it is likely to do so, and (b) he knows that the statement is false or acts in reckless disregard of its truth or falsity.

*Wandersee v. BP Prods. N. Am., Inc.*, 263 S.W.3d 623, 628 (Mo banc 2008) (quotation marks, citations, and emphasis omitted).  The second element must be proved by clear and convincing evidence.  *Id.* at 632.  A corporation "can obtain knowledge only through its agents and, under the well-established rules of agency, the knowledge of agents obtained in the course of their employment is imputed to the corporation."  *Id*. at 629.  For purposes of imputed knowledge, LLCs are treated similarly to corporations.  *See Pearson v. AVO Gen. Servs., LLC*, 520 S.W.3d 496, 508 (Mo. Ct. App. 2017).

Here, Graber, Inc. contends that when W&Z issued its Notice to Owner and filed its Mechanic's Lien, it had knowledge through Gutierrez's execution of the Labor Subcontract Agreement that the Agreement entitled W&Z to only a lump-

sum amount of $30,000 for the work performed and not the time-and-materials

amount of more than $112,000 as reflected in the Notice and Lien.  Graber, Inc.

asserts that W&Z thus knew that its statement in the Notice and Lien that Graber,

Inc. owed it more than $112,000 on the Project was false; that such falsehood

immediately and directly caused Graber, Inc. to suffer economic loss through the

Project Owner's refusal to pay and cancellation of the contracts; and that W&Z

should have recognized that the false statement was likely to cause such loss.

Viewing the evidence in the light most favorable to W&Z as the nonmoving

party, I cannot conclude as a matter of law that W&Z is liable to Graber, Inc. for

injurious falsehood on the basis of its statements in the Notice to Owner and the

Mechanic's Lien.  As summarized above, the Notice and Mechanic's Lien do *not*

claim that Graber, Inc. owed W&Z any monies, let alone $112,330 on invoices

submitted to Graber, Inc.  Indeed, the Notice and Lien contain *no* statements

conveying, as Jesse Graber declares, that W&Z had submitted invoices to Graber,

Inc. that totaled $112,330.  Instead, the Notice and Mechanic's Lien assert only

that *MidAmerican* owed monies to W&Z under W&Z's contract with

MidAmerican.  While W&Z identified MidAmerican in the Notice and Lien as a

subcontractor to Graber, Inc., the allegation of unpaid accounts is directed to only

MidAmerican, not to Graber, Inc.

Accordingly, given that the alleged false statement – that Graber, Inc. failed

to pay W&Z for work performed on the Project on invoices submitted to Graber, Inc. totaling $112,330 – was not contained in the Notice to Owner or in the Mechanic's Lien as asserted by Graber, Inc., I will deny summary judgment to Graber, Inc. on its claim against W&Z of injurious falsehood.  Although the evidence shows that the Project Owner stopped all payments to Graber, Inc. for completed work and ultimately cancelled Graber, Inc.'s subcontracts with it, and that Graber, Inc. likely suffered pecuniary loss because of these events, there is no evidence before the Court showing that either the Notice to Owner or the Mechanic's Lien contained the false statements that Graber, Inc. attributes to W&Z as causing these events.

<u>Damages</u>

Having failed to establish that W&Z is liable for Graber, Inc.'s losses under breach of contract and injurious falsehood, Graber, Inc. is not entitled to recover any damages from W&Z on these claims.

<u>W&Z's Amended Counterclaim</u>

In its amended counterclaim, W&Z contends that Graber, Inc. breached the terms of the Third Tier Subcontract in which W&Z purports that Graber, Inc. agreed to pay it $50 per hour for work on the Project.  "WNZ Contracting Construction, LLC" and "MidAmerican Construction Management" were the only parties to this Third Tier Subcontract, however, and only MidAmerican executed

it.  (*See* ECF 21-1.)[5]  Because Graber, Inc. was not a party to the contract, W&Z

cannot bring a breach-of-contract claim against it for its alleged breach.  *Kahn v.*

*Prahl*, 414 S.W.2d 269, 278 (Mo. 1967).

The separate Labor Subcontract Agreement between Graber, Inc. and W&Z

expressly contained specific terms that completely governed W&Z's compensation

for performance under the Agreement, that is, that Graber, Inc. would pay a lump-

sum amount of $30,000 to W&Z for W&Z's performance of work described in that

Agreement.  Given this express contract with specific and unambiguous terms for

compensation, W&Z is precluded from pursuing a quantum meruit claim against

Graber, Inc.  *Al-Khaldiya Elecs. & Elec. Equip. Co. v. Boeing Co.*, 571 F.3d 754,

759 (8th Cir. 2009).

To the extent W&Z contends in its amended counterclaim that Graber, Inc.

failed to pay W&Z for the benefit it received by W&Z's performance under the

Third Tier Subcontract, W&Z has failed to submit any evidence demonstrating that

Graber, Inc. received any benefit from W&Z's performance under the Subcontract

with MidAmerican Construction Management as executed by Jerome Graber, or

that it performed "extra" work not covered by its Agreement with Graber, Inc.  *Cf.*

*KC Excavating & Grading, Inc. v. Crane Const. Co.*, 141 S.W.3d 401, 409 (Mo.

---

[5] Although this Third Tier Subcontract identifies the third tier sub as "WNZ Contracting Construction" and does not contain a signature indicating that "WNZ" executed it (ECF 21-1), W&Z avers in its amended counterclaim that it – "W&Z Contracting Construction LLC" – entered into this agreement.  (*See* ECF 21 at ¶¶ 9, 27.)

Ct. App. 2004).

I will therefore grant Graber, Inc. summary judgment on the claims raised against it in W&Z's amended counterclaim.

W&Z's Default

"When a party against whom judgment for affirmative relief is sought has failed to . . . defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  Because the law does not allow an LLC to proceed pro se, an unrepresented LLC is technically in default for failure to defend once it becomes unrepresented before the Court.  *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996); *Enslein as Tr. for Xurex, Inc. v. Di Mase*, No. 16-09020-CV-W-ODS, 2020 WL 974872, at *3 (W.D. Mo. Feb. 28, 2020); *Nelson v. Acorn Stair & Woodwork, Inc.*, No. 4:15-CV-1200 CAS, 2017 WL 4176435, at *3 (E.D. Mo. Sept. 21, 2017).

Here, I held hearings in December 2020 and March 2021 on the motion to withdraw filed by counsel for W&Z and Gutierriez.  At both hearings, I cautioned that W&Z cannot represent itself and would face default if no attorney entered an appearance for W&Z.  At the December 21 hearing, at which Gutierrez appeared both individually and as the sole member and representative of W&Z, I determined to hold counsel's motion to withdraw in abeyance to permit the parties to continue to work to resolve the case with the assistance of counsel and, further, to provide

W&Z the opportunity to secure new counsel.  With no new counsel having

appeared, I granted the motion to withdraw at the conclusion of the hearing held

March 10.  Accordingly, beginning March 10, 2021, W&Z has been unrepresented

before the Court and technically in default.  *Ackra Direct Mktg.*, 86 F.3d at 857.

Adequate warnings were given to W&Z that it could be found in default if

an attorney did not enter an appearance on its behalf.  Despite these warnings and

the passage of more than sufficient time for W&Z to secure counsel, it has not

done so.  Because the record conclusively shows that W&Z has failed to defend

since March 10, 2021, and thus has been in default since that time, I will direct the

clerk of court to enter default against W&Z on Graber, Inc.'s complaint under Rule

55(a).  *Cf. Tollefson v. Pladson*, 508 Fed. Appx. 593, 595 (8th Cir. 2013) (court

may direct clerk to enter default under Rule 55(a)).

Liability is not deemed established simply because of the entry of default,

however.  While it is appropriate for the court to enter a default judgment when a

party fails to defend in a timely manner, "it is incumbent upon the district court to

ensure that 'the unchallenged facts constitute a legitimate cause of action' prior to

entering final judgment." *Marshall v. Baggett*, 616 F.3d 849, 853 (8th Cir. 2010)

(quoting *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010)).  A party in default

cannot admit mere conclusions of law. *Murray*, 595 F.3d at 871; 10A, Wright &

Miller, Fed. Prac. & Proc. Civ. § 2688.1.  Accordingly, "a default judgment may

not be entered on a complaint that fails to support the claim for relief[.]" *In re Kasden*, 209 B.R. 236, 238 (B.A.P. 8th Cir. 1997).  And given that default judgments are disfavored, *see U.S. on Behalf of & for Use of Time Equip. Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993), "courts have an independent duty to determine the sufficiency of a claim." *In re Kasden*, 209 B.R. at 239 (citing Fed. R. Civ. P. 55(b)(2)).  Therefore, before entering default judgment, a court should review the sufficiency of the complaint and the substantive merits of the claims and be satisfied that granting judgment thereon is warranted.  *Id.*; *Nelson*, 2017 WL 4176435, at *4.

For the reasons set out above, entry of judgment against W&Z on the claims raised in Counts I and II of Graber, Inc.'s complaint is not warranted, whether by default or otherwise.  And because the claim of tortious interference with contract raised in Count III is based on the same faulty facts, judgment against W&Z is likewise not warranted on the claim raised in Count III.

<u>Judgment Independent of the Motion</u>

Under Rule 56(f)(3), Federal Rules of Civil Procedure, I may consider summary judgment on my own after identifying material facts that may not be genuinely in dispute.  For the reasons set out above on the admissible evidence before the Court, the material facts not genuinely in dispute appear to support judgment against Graber, Inc. on the claims raised in its complaint against W&Z.

As to Graber, Inc.'s claims against Gutierrez, they appear to arise only from Gutierrez's role as a member of the LLC.  They do not allege that Gutierrez obtained any individual benefit by his conduct.  Nor do they show how he proximately caused injury by his individual conduct rather than in his position as a member of the LLC.  It would thus appear that judgment against Graber, Inc. on its claims against Gutierriez is likewise warranted.  *See* Mo. Rev. Stat. § 347.057 ("A person who is a member . . . of a limited liability company is not liable, solely by reason of being a member . . . , for a debt, obligation or liability of the limited liability company, whether arising in contract, tort or otherwise[.]").  *Cf. JB Contracting, Inc. v. Bierman*, 147 S.W.3d 814, 819 (Mo. Ct. App. 2004) (reversing judgment against LLC member because plaintiff failed to allege and prove facts necessary to show how member benefitted individually and not as a member of an LLC); *Missouri Ozarks Radio, Network, Inc. v. Baugh*, 598 S.W.3d 154, 169 (Mo. Ct. App. 2020) (LLC member may be individually liable only if corporate veil pierced).

Even if Graber, Inc. was able to demonstrate that Gutierrez acted individually rather than solely as an LLC member, the undisputed facts as set out in this memorandum nevertheless show that neither the Notice to Owner nor the Mechanic's Lien asserted claims based on the terms of the Labor Subcontract Agreement or contained the alleged false statement that Graber, Inc. contends.  On

these facts, Gutierrez cannot be liable as a matter of law on Graber, Inc.'s claims of injurious falsehood and tortious interference with contract.

I may not enter summary judgment on my own before giving notice and a reasonable time to respond.  Fed. R. Civ. P. 56(f).  I will therefore order Graber, Inc. to show cause within thirty (30) days why summary judgment should not be granted against it under Rule 56(f)(3), Federal Rules of Civil Procedure, on all claims raised in its complaint.

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff Graber, Inc.'s Motion for Summary Judgment [93] is **DENIED** to the extent Graber, Inc. seeks judgment as a matter of law against defendant W&Z Contracting Construction, LLC, on its claims of breach of contract and injurious falsehood raised in Counts I and II of its complaint; and **GRANTED** to the extent Graber, Inc. seeks judgment as a matter of law against W&Z Contracting Construction, LLC, on W&Z's claims of breach of contract and quantum meruit raised in its amended counterclaim against Graber, Inc.

**IT IS FURTHER ORDERED** that the clerk of court shall enter default against defendant W&Z Contracting Construction, LLC, on plaintiff Graber, Inc.'s complaint pursuant to Rule 55(a), Federal Rules of Civil Procedure, for W&Z's failure to defend.

**IT IS FURTHER ORDERED** that **within thirty (30) days of the date of this Memorandum and Order**, plaintiff Graber, Inc. shall show cause why summary judgment should not be granted against it under Rule 56(f)(3), Federal Rules of Civil Procedure, on all claims raised in its complaint.  Failure to timely show cause will result in the dismissal of Graber, Inc.'s complaint with prejudice.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 15th day of December, 2021.