UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GRABER, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| W&Z CONTRACTING ) | |
| CONSTRUCTION, LLC, et al., ) | |
| ) | |
| Defendants; ) | |
| _____ ) | No. 4:19 CV 67 CDP |
| ) | |
| W&Z CONTRACTING ) | |
| CONSTRUCTION, LLC, ) | |
| ) | |
| Counterclaim Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| GRABER, INC., ) | |
| ) | |
| Counterclaim Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court for consideration of summary judgment pursuant to Rule 56(f)(3), Federal Rules of Civil Procedure. Because plaintiff Graber, Inc. has presented no evidence demonstrating that it may obtain relief on the factual allegations and legal theories raised in its complaint, I will enter summary judgment against it under Rule 56(f)(3) and dismiss its complaint in its entirety with prejudice.

## Background[1]

After being granted additional time to do so, plaintiff Graber, Inc. filed a motion for summary judgment in May 2021[2] asserting it was entitled to judgment as a matter of law on Counts I and II of its three-count complaint against defendant W&Z Contracting Construction, LLC. Graber, Inc. did not seek summary judgment on Count III of its complaint or against the other defendant it sued in this case, Wilmer Urbina Guttieriez. On December 15, 2021, I denied Graber, Inc.'s motion to the extent it was directed to Counts I and II of its complaint[3] and, upon consideration of the admissible evidence presented, I ordered Graber, Inc. to show cause why summary judgment should not be granted against it on all of its claims pursuant to Rule 56(f)(3), which permits the Court to consider summary judgment on its own after identifying material facts that may not be genuinely in dispute. (*See* ECF 96.) Graber, Inc. responded to the show cause order on February 7, 2022.

Upon review of Graber, Inc.'s complaint, the admissible evidence before the Court, and Graber, Inc.'s additional briefing, I will enter summary judgment

---

[1] The circumstances giving rise to this litigation and the procedural history leading up to its present status are thoroughly set out in my Memorandum and Order entered December 15, 2021 (*see* ECF 96) and will not be repeated here except where necessary for purposes of discussion.

[2] Under the operative Case Management Order, any motions for summary judgment were due to be filed not later than July 23, 2020. (ECF 70.)

[3] I granted the motion to the extent it was directed to W&Z's amended counterclaim.

pursuant to Rule 56(f)(3) against Graber, Inc. on all claims raised in its complaint as to both defendants, and I will dismiss the complaint with prejudice.

### Counts I and II Against Defendant W&Z

Graber, Inc. filed its complaint in this action on January 16, 2019, alleging that on May 11, 2018, it entered into a written Labor Subcontract Agreement ("Agreement") with defendant W&Z whereby W&Z, through its sole member, defendant Gutierrez, agreed to perform certain work in relation to a construction project in exchange for a lump-sum payment of $30,000.  The complaint further alleges that on July 2, 2018, W&Z served on the Project Owner a Notice to Owner of Claim of Mechanic's Lien ("Notice to Owner" or "Notice") asserting a claim of $112,330 for its work on the project.  The complaint alleges that as a result of the Notice to Owner, the Project Owner withheld monetary payments to Graber, Inc. and discharged it from the Project.  Finally, the complaint alleges that W&Z filed a Mechanic's Lien in the amount of $112,330 on October 1, 2018, claiming that it was to be paid on a time-and-materials basis.  Attached to the complaint are the Agreement, the Notice to Owner, and the Mechanic's Lien.  There are no other substantive attachments to the complaint.

Based on these factual allegations, Count I of Graber, Inc.'s complaint asserts a breach-of-contract claim contending that W&Z breached the terms of the Labor Subcontract Agreement "by charging $82,330 more than it agreed to accept

in its Scope of Work." (ECF 1 at ¶ 32.) Although inartfully pled, Graber, Inc. contends that W&Z's claim for $112,330 in the Mechanic's Lien constituted the overcharge. (*See id.* at ¶ 31.) Count II asserts a claim of injurious falsehood, contending that W&Z knowingly made false statements in the Notice to Owner by: 1) falsely conveying that it had submitted invoices to Graber, Inc. that totaled $112,330, which contradicted the lump-sum payment term of the Agreement; and 2) falsely implying that Graber, Inc. had failed to pay W&Z for its work performed on the Project. Count II asserts that these false statements caused the Project Owner to believe that Graber, Inc. had failed to pay W&Z for work performed, resulting in the Project Owner stopping payments to and canceling its contracts with Graber, Inc., thereby causing pecuniary loss to Graber, Inc. (*Id.* at ¶¶ 37-47.)

As discussed in my December 15 Memorandum and Order, no evidence before the Court on Graber, Inc.'s motion for summary judgment showed that W&Z charged Graber, Inc. $112,330 for its work or that W&Z sought to recover $112,330 under the Labor Subcontract Agreement. Moreover, the admissible evidence showed that W&Z claimed in the Notice to Owner and Mechanic's Lien that it was owed $112,330 pursuant to a separate Third Tier Subcontract ("Subcontract") with another entity, MidAmerican Construction Management, and not pursuant to the Agreement with Graber, Inc. Therefore, because the evidence showed that W&Z neither sought $112,330 from Graber, Inc. under the Agreement

- 4 -

nor asserted that Graber, Inc. owed it $112,330 under the Agreement, I denied Graber, Inc.'s motion for summary judgment as to Count I of its complaint. (ECF 96 at pp. 15-17.)

As further discussed in the Memorandum and Order, the admissible evidence submitted on Graber, Inc.'s motion for summary judgment showed that neither the Notice to Owner nor the Mechanic's Lien contained the false statements that Graber, Inc. attributed to W&Z. Instead, the undisputed evidence showed that the Notice and Mechanic's Lien asserted that only *MidAmerican* owed monies to W&Z under W&Z's separate contract with MidAmerican. There was no assertion that Graber, Inc. owed W&Z monies; nor was there any conveyance that W&Z submitted invoices totaling $112,330 to Graber, Inc. that went unpaid. Accordingly, because the Notice's allegation of unpaid accounts was directed to only MidAmerican and not to Graber, Inc., the Notice did not contain the purported false statements that Graber, Inc. asserted in its complaint, and thus there was no evidence that Graber, Inc.'s pecuniary losses were caused by the purported false statements. I therefore denied Graber, Inc.'s motion as to Count II of its complaint. (ECF 96 at pp. 17-19.)

In determining Graber, Inc.'s motion for summary judgment, I reviewed the entirety of Graber, Inc.'s complaint against the backdrop of admissible evidence on the motion. From my review, it appeared that Graber, Inc. could not recover as a

matter of law on *any* of its claims. I therefore invited Graber, Inc. to show cause why summary judgment should not be entered against it on all of the claims raised in its complaint. In response, Graber, Inc. again addressed only Counts I and II of its complaint and only as to defendant W&Z.[4]

In its response, Graber, Inc. admittedly raises a new legal theory that it did not raise in its earlier motion for summary judgment,[5] that is, that the Notice to Owner and the Mechanic's Lien could not have been based on W&Z's Third Tier Subcontract with MidAmerican because that Subcontract was invalid *per se*. Specifically, Graber, Inc. now contends that the Subcontract between W&Z and MidAmerican was executed after W&Z entered into the Labor Subcontract Agreement with Graber, Inc.[6] and covered the same scope of work that W&Z had already agreed to perform for Graber, Inc. under the Agreement. Given that W&Z could not promise to MidAmerican what it had already promised to Graber, Inc., Graber, Inc. argues that W&Z's Subcontract with MidAmerican was invalid *per se* for lack of consideration. Graber, Inc. thus contends that because a Mechanic's Lien must be based on a valid contract, W&Z's Mechanic's Lien here could not

---

[4] Graber, Inc. avers that I ordered it to show cause why summary judgment should not be entered against it "on the claims in Count I and Count II." (ECF 102 at p. 2.) But as plainly stated in my Memorandum and Order, I ordered Graber, Inc. to show cause why summary judgment should not be granted against it "on all claims raised in its complaint." (ECF 96 at p. 26.)

[5] *See* ECF 102 at p. 3 (admitting to its "unperceived error" in "not including" in its motion for summary judgment the "unusual legal issue" relating to contracts).

[6] There is no dispute that the Subcontract with MidAmerican is dated May 18, 2018.

- 6 -

have been based on the invalid Subcontract with MidAmerican.  Therefore, Graber, Inc. continues, the only valid contract at the time W&Z served the Notice to Owner and filed the Mechanic's Lien was the May 11 Labor Subcontract Agreement between W&Z and Graber, Inc., and thus that that Agreement was the only contract upon which the Notice to Owner and Mechanic's Lien could be based.  Graber, Inc. argues that the logical conclusion, then, is that because W&Z could legally recover under only the Labor Subcontract Agreement, the Notice to Owner and Mechanic's Lien necessarily alleged unpaid accounts by Graber, Inc. under that Agreement regardless of W&Z's assertion in the Notice and Lien that MidAmerican was the offending party under its separate contract.  (*See* ECF 102.)

      As noted above, Graber, Inc. admits that it did not assert this legal theory in its earlier filed motion.  Indeed, its motion did not even mention W&Z's Third Tier Subcontract with MidAmerican at all, even though the Subcontract provided the basis for and was attached to W&Z's amended counterclaim.  While Graber, Inc. sought and was granted summary judgment on W&Z's amended counterclaim, its argument focused solely on the terms of its own Labor Subcontract Agreement.  (*See* ECF 93, 94.)  Most significantly, however, Graber, Inc.'s complaint itself does not assert this legal theory nor alleges any facts to support it.  A party may not assert a claim for the first time at the summary judgment stage of the case.  *MWG Enters., LLC v. ETS Wound Care, LLC*, No. 4:19-CV-00424-SEP, 2022 WL

503727, at *9 (E.D. Mo. Feb. 18, 2022). And it is improper for a party to expand on its claims in its summary judgment brief by relying on facts not alleged in its complaint. *Satcher v. University of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 735 (8th Cir. 2009). Accordingly, because Graber, Inc. did not raise this admittedly new legal theory or allege the necessary underlying facts in its complaint or at any time throughout this case's history, I decline to consider the merits of this new theory at this late stage of the proceedings. *See WireCo WorldGroup, Inc. v. Liberty Mut. Fire Ins. Co.*, 897 F.3d 987, 993 (8th Cir. 2018).[7]

As to the claims and theories actually pleaded in its complaint, Graber, Inc. submits two new pieces of evidence it contends show the viability of the claims raised in Counts I and II and its entitlement to recovery thereon. First, Graber, Inc. submits a copy of W&Z's petition filed in state court on February 19, 2019, in which W&Z alleged, *inter alia*, that it entered into a contract with Graber, Inc. and MidAmerican on May 18, 2018, whereby Graber, Inc. and MidAmerican agreed to pay W&Z $50 per hour for W&Z's work on the Project. W&Z alleged in the petition that it continued to be owed $112,330 for its work, and it sought judgment in the amount of $112,330 with such judgment to be enforced first against

---

[7] Notably, Graber, Inc. did not raise this "failure of consideration" defense when it answered W&Z's counterclaims that alleged breach of the Subcontract. Failure of consideration is an affirmative defense that is deemed waived if not pleaded. Fed. R. Civ. P. 8(c)(1); *Hanover Ins. Co. v. Cameron Country Mut. Ins. Co.*, 730 F. Supp. 998, 1000 (E.D. Mo. 1990).

MidAmerican, the Property Owner, and/or Graber, Inc. (*See* ECF 102-1.)[8]  Graber, Inc. also contends that W&Z's counterclaim and amended counterclaim filed in the instant action on February 20 and June 3, 2019, respectively, contained the same assertions.[9]  Graber, Inc. argues that these assertions made in February and June 2019 show that W&Z intended all along to recover $112,330 from Graber, Inc., which constitutes a breach of the Labor Subcontract Agreement.  But Graber, Inc. asserted in its complaint that W&Z's claim for $112,330 made in the October 2018 Mechanic's Lien constituted the alleged breach.  As discussed in the December 15 Memorandum and Order, however, neither the July 2018 Notice to Owner nor the October 2018 Mechanic's Lien asserted that Graber, Inc. owed $112,330 to W&Z.  Instead, they asserted that only MidAmerican owed on the unpaid account.  The statements W&Z made several months later in its state-court petition and federal counterclaims do not change this fact.  Nor do these statements change the undisputed evidence submitted on the motion that W&Z never "charged" Graber, Inc. $112,330 under the Agreement or submitted invoices to Graber, Inc. totaling that amount.  (*See* ECF 96 at pp. 11, 16.)  And to the extent Graber, Inc. contends that W&Z's subsequent lawsuits constitute the breach, I decline to entertain this

---

[8] I may take judicial notice of this public state record.  *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007).

[9] I may take judicial notice of the record in this case.  *Downing v. Riceland Foods, Inc.*, 298 F.R.D. 587, 590 (E.D. Mo. 2014) (citing *Cravens v. Smith*, 610 F.3d 1019, 1029 (8th Cir. 2010)).

newly asserted claim.  *WireCo WorldGroup*, 897 F.3d at 993.

Graber, Inc. also submits Jesse Graber's unsigned and unsworn Second Declaration to support its claim of injurious falsehood as raised in Count II of the complaint.  (*See* ECF 102-2.)  I may not consider this unsigned and unsworn declaration on summary judgment.  *Banks v. Deere*, 829 F.3d 661, 668 (8th Cir. 2016).[10]  But even if I did, the emails attached to it nevertheless show that as of June 28, 2018 (five days before being served with the Notice to Owner), the Project Owner considered Graber, Inc. to have departed from the project with work left to be completed; and Graber, Inc. itself perceived that it and its workers were subjected to the Project Owner's "hate and active opposition" and were "not wanted on the job" in part because Graber, Inc. did not employ union workers. Accordingly, even though inadmissible, these statements do not support Graber, Inc.'s assertion that it was the purported false statements in the Notice to Owner that caused the Project Owner to refuse to pay on and cancel its contracts with Graber, Inc.

For the reasons set out above and in my December 15 Memorandum and Order, the undisputed admissible evidence before the Court shows that Graber, Inc.

---

[10] The purported declaration is not signed or dated, and there is no verification by the filing attorney attesting to the existence of an original signed and dated declaration made under penalty of perjury.  *See* E.D. Mo. CM/ECF Procedures Manual, § II.H at p. 12.  *See also* E.D. Mo. L.R. 2.11 (electronically filed document created for litigation must be physically signed if not signed by attorney of record); E.D. Mo. L.R. 2.15 (procedures governing electronic filing compiled in CM/ECF Procedures Manual).

cannot recover as a matter of law on its claims of breach of contract and injurious falsehood as asserted against W&Z in its complaint. I will therefore enter summary judgment against Graber, Inc. on Counts I and II of its complaint as directed to W&Z.

### Count III – Tortious Interference with Contract

In its May 2021 motion for summary judgment and its February 2022 response to my show cause order, Graber, Inc. wholly failed to address its claim of tortious interference with contract set out in Count III of its complaint. For the reasons set out in my December 15 Memorandum and Order, I will enter summary judgment against Graber, Inc. on the claim. (*See* ECF 96 at pp. 23-25, setting out the reasons why Graber, Inc.'s claim of tortious interference with contract fails as a matter of law as to both defendants).

### All Claims Against Defendant Guttierez

In neither its May 2021 motion for summary judgment nor its February 2022 response to my show cause order has Graber, Inc. submitted any evidence or argument supporting the claims raised in its complaint against defendant Guttierez. For the reasons set out in my December 15 Memorandum and Order, I will enter summary judgment against Graber, Inc. on all of its claims raised in its complaint against defendant Wilmer Urbina Guttieriez. (*See* ECF 96 at pp. 24-25, setting out the reasons why Guttieriez cannot be liable as a matter of law on Graber, Inc.'s

claims raised against him in the complaint.)

## Conclusion

Plaintiff Graber, Inc. has presented no admissible evidence demonstrating that it is entitled to recover against either defendant W&Z or Guttierez on the claims raised in its complaint.  I will therefore enter summary judgment against Graber, Inc., on all claims raised in the complaint, and I will dismiss the complaint with prejudice.

Accordingly, for the reasons set out above and in the Memorandum and Order entered December 15, 2021,

**IT IS HEREBY ORDERED** that, pursuant to Rule 56(f)(3), Federal Rules of Civil Procedure, summary judgment is entered against plaintiff Graber, Inc. on all claims raised in its complaint against defendants W&Z Contracting Construction, LLC and Wilmer Urbina Guttieriez, and plaintiff Graber, Inc.'s complaint is dismissed in its entirety with prejudice.

An appropriate Judgment on all claims in this action is entered herewith.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 24th day of March, 2022.