UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

GRABER, INC.,                                          )
                                                       )
        Plaintiff,                                     )
                                                       )
        v.                                             )
                                                       )
W&Z CONTRACTING                                        )
CONSTRUCTION, LLC, et al.,                             )
                                                       )
        Defendants;                                    )
_____ )       No. 4:19 CV 67 CDP
                                                       )
W&Z CONTRACTING                                        )
CONSTRUCTION, LLC,                                     )
                                                       )
        Counterclaim Plaintiff,                        )
                                                       )
        v.                                             )
                                                       )
GRABER, INC.,                                          )
                                                       )
        Counterclaim Defendant.                        )

## MEMORANDUM AND ORDER

Plaintiff Graber, Inc. has filed a "Motion for New Trial" under Federal Rule

of Civil Procedure 59(a) asking that I reconsider my Memorandum and Order of

March 24, 2022, wherein I entered summary judgment against it on its complaint

and entered final judgment dismissing the complaint in its entirety with prejudice.

For the following reasons, I will deny the motion.

This matter came before the Court on plaintiff Graber, Inc.'s three-count

complaint and defendant W&Z Contracting Construction, L.L.C.'s three-count amended counterclaim.  On December 15, 2021, I granted Graber, Inc.'s motion for summary judgment on the amended counterclaim but denied its motion for summary judgment on Counts I and II of its complaint.[1]  (ECF 96.)  In that Memorandum and Order, I ordered Graber, Inc. to show cause why summary judgment should not be granted against it on all of its claims pursuant to Rule 56(f)(3), Federal Rules of Civil Procedure.  (*Id.*)  Graber, Inc. responded to the show cause order on February 7, 2022.  Upon review of all of the evidence submitted in the case, including that submitted on Graber, Inc.'s original motion for summary judgment and in response to my show cause order, I entered summary judgment against Graber, Inc. on March 24, 2022, concluding that no admissible evidence before the Court demonstrated that Graber, Inc. was entitled to recover against either defendant W&Z or defendant Wilmer Urbina Guttierez on the claims raised in its complaint.  (ECF 103.)  Given that that Order disposed of all remaining claims in the case, I entered final judgment.  (ECF 104.)  Graber, Inc. now seeks a "new trial" under Rule 59(a) on its breach of contract and injurious falsehood claims against W&Z as raised in Counts I and II of its complaint.

      Because Rule 59(a) permits the Court to "grant a new trial . . . after a jury

---

[1] Graber, Inc. did not seek summary judgment on Count III of its complaint.

trial . . . [or] after a nonjury trial," Fed. R. Civ. P. 59(a)(1)(A), (B), it is not the

appropriate procedural vehicle for reconsideration of a summary judgment order.

*See Merrill v. County of Madera*, 389 Fed. Appx. 613, 615 (9th Cir. 2010) ("[A]

Rule 59(a) motion for new trial is not available on claims or causes of actions for

which Plaintiffs never received a trial.").  *See also Czarnecki v. United States*, No.

C15-0421JLR, 2017 WL 635773, at *1 (W.D. Wash. Feb. 16, 2017) (citing cases).

A motion seeking reconsideration of summary judgment is appropriately brought

under Rule 59(e).  *Id*.  I will therefore construe Graber, Inc.'s motion as one

brought under Rule 59(e) to alter or amend judgment.  *See Innovative Home*

*Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills,* 141 F.3d 1284, 1286 (8th

Cir. 1998) ("[A]ny motion questioning the correctness of a judgment is

functionally a [Rule] 59(e) motion, regardless of how the motion is styled."); *Hill*

*v. Dejoy*, No. 4:19-CV-1315 RLW, 2022 WL 1802464, at *1 (E.D. Mo. June 2,

2022).

    Motions under Rule 59(e) serve to correct "manifest errors of law or fact or

to present newly discovered evidence."  *United States v. Metro. St. Louis Sewer*

*Dist.,* 440 F.3d 930, 933 (8th Cir. 2006) (internal quotation marks and citations

omitted).  They are not to be used to introduce evidence, new legal theories, or

raise arguments that could have been offered prior to entry of judgment.  *Ryan v.*

*Ryan*, 889 F.3d 499, 507 (8th Cir. 2018).  I have broad discretion in determining

whether to grant a Rule 59(e) motion.  *Metro. St. Louis Sewer Dist.*, 440 F.3d at 933.

Here, Graber, Inc. first contends that if I had properly considered the declaration of its owner, Jesse Graber, and the emails attached thereto, I would have found that the reason the Project Owner canceled its contract with and refused to pay Graber, Inc. was because W&Z's Notice to Owner of Mechanic's Lien falsely asserted that Graber, Inc. owed it more than $112,000.[2]  As I discussed in my March 24, 2022 Memorandum and Order, however, those materials do not show that it was the purported false statements in the Notice to Owner that caused the Project Owner to refuse to pay on and cancel its contracts with Graber, Inc. Indeed, as set out in my March 24 Order, the proffered emails show that as of June 28, 2018 (five days before being served with the Notice to Owner), the Project Owner considered Graber, Inc. to have departed from the project with work left to be completed; and Graber, Inc. itself perceived that it and its workers were subjected to the Project Owner's "hate and active opposition" and were "not wanted on the job" in part because Graber, Inc. did not employ union workers. Even after being served the Notice to Owner, the Project Owner reiterated its

---

[2] Jesse Graber's declaration submitted with Graber, Inc.'s response to show cause order was unsigned and unsworn.  Graber, Inc. submitted a signed and sworn declaration with the instant motion to reconsider.

earlier observations that Graber, Inc. and its subcontractors had abandoned the worksite and was no longer performing the contracted work.  Graber, Inc. presents no new evidence or argument in its motion persuading me that my earlier determination was in error, either in law or in fact.  Moreover, as thoroughly addressed in my Memorandum and Order of December 15, 2021, the undisputed evidence before the Court showed, and continues to show, that neither the Notice to Owner nor the Mechanic's Lien contained the statements that Graber, Inc. attributes to W&Z, that is, that Graber, Inc. failed to pay W&Z for work performed on the Project on invoices submitted to Graber, Inc. totaling $112,330.  (*See* ECF 96 at pp. 17-19.)

Graber, Inc. also contends that I erred in failing to consider its new legal theory supporting its breach of contract claim, that is, that the Notice to Owner and the Mechanic's Lien could not have been based on W&Z's Third Tier Subcontract with MidAmerican Construction Management because that Subcontract was invalid *per se*; that therefore the Notice and Lien could have been based on only W&Z's contract with Graber, Inc.; and because the Notice and Lien made a claim for $112,330, the claim necessarily breached W&Z's contract with Graber, Inc. in which W&Z agreed to a lump sum payment of $30,000.  For the reasons set out in my March 24 Memorandum and Order, I continue to decline to address the merits of this new theory.  But even so, Graber, Inc.'s claim continues to fail.  There

continues to be no evidence that W&Z charged Graber, Inc. more than the contracted amount of $30,000.  To the extent Graber, Inc. argues that the excess amount is reflected in the Mechanic's Lien claim of $112,330, it bears repeating *again* that the undisputed evidence shows that W&Z's claim under the Mechanic's Lien is directed to its Subcontract with MidAmerican and not its contract with Graber, Inc.  Even if the MidAmerican subcontract is invalid as Graber, Inc.'s new theory surmises, there nevertheless is no evidence whatsoever that W&Z charged Graber, Inc. more than the contracted amount of $30,000.  Graber, Inc.'s breach of contract claim as asserted in its complaint continues to fail.

Graber, Inc. has provided no newly discovered evidence or argument demonstrating that my entry of summary judgment against it on its complaint was based on manifest error of law or fact.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Graber, Inc.'s "Motion for New Trial" [105], construed as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), is **DENIED.**

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 4th day of October, 2022.